IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RANDY ALAN HUSTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | Civil Action No. 4:22-CV-745-P(BJ) |
| | § | |
| COMMISSIONER, | § | |
| Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER**

In this case, Plaintiff has filed a civil case with a complaint and a motion for leave to proceed in forma pauperis. ECF Nos. 1-2. The case was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Randy Alan Huston is the plaintiff. Compl. 1, ECF No. 1. He lists as defendant the Commissioner of the Social Security Administration. *Id.*

C. LEGAL ANALYSIS

---

[1] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

1

Plaintiff filed a completed long-form motion to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq.* ECF No. 2. That application/motion includes the income and asset information for the plaintiff.

Whether to permit or deny an applicant to proceed *in forma pauperis* (IFP) is within the sound discretion of the Court. 28 U.S.C. § 1915(a); *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Courts should make the determination of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

In his financial affidavit, Plaintiff declares that he earns $1,809 in retirement benefits. ECF No. 2 at 2. Courts consider social security payments in making the in-forma-pauperis determination.[1] Plaintiff has listed no dependents. *Id.* At a monthly income of $1,809, Plaintiff's annual income of $21,708 is far above the poverty level. Thus, based on the information in the application, Plaintiff has sufficient resources to pay the filing and administrative fees, and the undersigned will recommend denial of the in forma pauperis motion.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis [ECF No. 2] be **DENIED** by the district judge.

---

[1] *See, e.g., Lewis v. Center Market, et al.*, 378 F. App'x. 780, 784-85 (10th Cir. May 17, 2010) (affirming district court's denial of IFP status to appellant whose only income sources were social security and unemployment benefits); *Salter v. Johnson*, No.3:12CV738-HTW, 2013 WL 550654, *1 (S.D. Miss. Jan. 18, 2013) (income includes social security payments), *rec. adopted*, 2013 WL 55065 (S.D. Miss. Feb. 12, 2013).

2

It is further **RECOMMENDED** that the district judge inform Plaintiff that the complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiff pays to the clerk of Court the filing and administrative fees of $402.00[2] within seven (7) days after the district judge's order.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

---

[2] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule requires payment of an administrative fee for filing a civil action in district court of $52. *See* 28 U.S.C. § 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

## ORDER

Under 28 U.S.C. § 636, it is **ORDERED** that Plaintiff is granted until **September 29, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, **RETURNED** to the docket of the United States District Judge.

SIGNED September 15, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE